Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001032
29-NOV-2013
12:18 PM

NO. CAAP-12-0001032

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CENTRAL PACIFIC BANK, Plaintiff-Appellee,
v.
AIKONA MAUI PROPERTIES, LLC and
MGM PARTNERSHIP, Defendants-Appellants
and
NICASIO FREDRICK PASION, SANDRA MAI PASION,
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, and
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1287-06)

ORDER
(1) GRANTING THE OCTOBER 24, 2013
REQUEST FOR JUDICIAL NOTICE
AND
(2) GRANTING THE OCTOBER 16, 2013
MOTION TO DISMISS CONSOLIDATED APPEALS
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Upon consideration of (1) the October 24, 2013 request

for judicial notice (Docket 93), (2) the October 16, 2013 motion

to dismiss consolidated appeals (Motion to Dismiss) (Docket 75), both of which were filed by Plaintiff-Appellee Central Pacific Bank (CPB), the papers in support and in opposition,[1] and the record, it appears as follows.

(1)  In this consolidated appeal related to a foreclosure action, CPB moves for judicial notice of the commissioner's deed that conveyed the foreclosed property to a third-party purchaser after confirmation of the sale, and timely moves for dismissal of the consolidated appeals[2] because the instant consolidated appeal from the judgment of foreclosure and the judgment on the order confirming sale is moot because no relief can be granted and no adverse interest exists where the foreclosed property has been sold to a bona fide third-party purchaser for value, where no timely supersedeas bond was posted, no issue as to jurisdiction of the circuit court to enter said judgments exists, and no exceptions to mootness apply.

(2)  Defendant-Appellants Aikona Maui Properties, LLC (Aikona) and MGM Partnership (MGM), in their memorandum in opposition to the Motion to Dismiss (Opposition) and in the opening brief, assert that the circuit lacked jurisdiction to enter the judgments of foreclosure and confirmation of sale, and additionally argue in their Opposition that exceptions to mootness apply.

---

[1]  Rule 27 of the Hawai'i Rules of Appellate Procedure does not provide for the filing of a reply memorandum.  Consequently, the October 25, 2013 reply filed by CPB was not considered.

[2]  Although the Motion to Dismiss was filed after the opening brief, it appears that review of the points of error contained in the Opening Brief were necessary for CPB to determine whether such points would be moot upon said conveyance of the subject property after confirmation of sale.

(3)    Judicial notice of the Commissioner's Deed recorded in land court is appropriate and consistent with Rule 201 of the Hawai'i Rules of Evidence.

(4)    This court has no jurisdiction to decide moot cases in a case where our decision "could not be carried into effect, or that relief was impossible to grant." Lathrop v. Sakatani, 111 Hawai'i 307, 312, 141 P.3d 480, 485 (Hawai'i, 2006), quoting TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) and Wong v. Bd. of Regents, Univ. of Hawai'i, 62 Haw. 391, 394-95, 616 P.2d 201, 204 (1980). The circumstances that keep the suit alive--adverse interest and effective remedy--must remain for justiciability. Wong, 62 Haw. at 394, 616 P.2d 201, 203-04.

Aikona and MGM do not contest that the subject property in this case was sold to a bona fide third-party buyer for value without a stay or timely posting of a supersedeas bond. A protective rule exists in such circumstances that the interest of the third-party buyer cannot be affected. City Bank v. Saie Ventures II, 7 Haw. App. 130, 133, 748 P.2d 812, 814 (1988); Lathrop v. Sakatani, [111] Haw. 307, 314, 141 P.3d 480, 587 (2996). Although Aikona and MGM argue in the Opposition that the circuit court erred in denying their motion to set a bond, the record reflects that the motion was denied as untimely, because it was filed after the property had been sold; Aikona and MGM did not otherwise seek a stay pending appeal; and Aikona and MGM do not raise or argue the circuit court's denial of the motion to set bond in the opening brief as a point of error.

-3-

This court in City Bank v. Saje Ventures II, 7 Haw. App. at 133, 748 P.2d at 814, explained that an exception to the rule that the right of a good faith purchaser to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a [supersedeas] bond has not been filed" is "where the reversal is based on jurisdictional grounds." Aikona and MGM assert in the Opposition and in the Opening Brief that the circuit court of the First Circuit had no jurisdiction to adjudicate the foreclosure matter, because the proceeding actually was a quiet title proceeding that could only have been brought in the Second Circuit, where the property was located. The circuit court of the First Circuit is a court of general jurisdiction that possesses jurisdiction over civil foreclosure actions and quiet title actions. See HRS §§ 603-21.5, 603-21.7. The court in Alamida v. Wilson, 53, Haw. 398, 401, 495 P.2d 585, 588 (1972) (citing Kaui v. Kauai County, 47 Haw. 271, 386 P.2d 880 (1963), stated:

> Limitations which localize actions within a given judicial circuit or division are venue requirements. Since venue requirements are based upon concepts which are unrelated to judicial power, requirements of venue may be waived.

The Alamida court, 53 Haw. 398, 400, 495 P.2d 585, 587 88 (brackets added) also stated that Kaui

> correctly held that the statutory language of HRS § 603-36(9) [now HRS § 603-36(5)] pertains not to jurisdiction but to venue. The two concepts should not be confused. The requirements of jurisdiction are grounded in the state's inherent judicial power while requirements of venue are grounded in convenience to litigants.

The arguments of Aikona and MGM relate to venue rather than jurisdiction. As such, the jurisdictional exception to the protective rule does not apply, and the appeal appears to be moot.

Three recognized exceptions to the mootness doctrine exist: (1) capable of repetition, yet evading review (CRER); (2) public interest; and (3) collateral consequences. Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 5-10, 193 P.3d 839, 843-48 (2008). The CRER exception does not appear to apply here, where the case would not have evaded review had Aikona and MGM timely acted to obtain and post a supersedeas bond or to otherwise obtain a stay of appeal. See City Bank v. Abad Artemio M. Abad Revocable Trust Gloria P. Abad Revocable Trust, No. 27953, 2009 WL 5084083, 5 (App. Dec. 28, 2009) ("[t]he CRER exception to the mootness doctrine does not appear to apply to the instant case because the instant case would not evade review but for the fact that the Abad Defendants chose not to file a supersedeas bond"). The public interest exception does not appear to apply where the issue of circuit court jurisdiction over an alleged quiet title action based on an allegations that effective lease among private parties is in higher priority than the mortgage being foreclosed arises out of a private contract between parties that does not involve the government, an authoritative determination as to jurisdiction[3] of the circuit courts already exists in statutes, and recurrence would likely occur only if an appellant in this situation fails to obtain a supersedeas bond or stay of the appeal. The collateral consequences exception does not appear to apply where mootness could have been avoided by timely posting of a supersedeas bond or otherwise obtaining a stay pending appeal. Therefore,

---

[3] The issue of circuit court jurisdiction, and not venue, is the only issue raised as a point of error on appeal.

IT IS HEREBY ORDERED that the request for judicial notice is granted, and the Motion to Dismiss is granted.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, November 29, 2013.

Chief Judge

Associate Judge

Associate Judge